# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN M. GAGLIARDINO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action File No: |
| PINKERTON CONSULTING AND | ) | 1:23-cv-01358 |
| INVESTIGATIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

TABLE OF CONTENTS

**Page**

Table of Contents..........................................................................................................i

Table of Authorities ....................................................................................................ii

Introduction................................................................................................................1

Relevant Factual Allegations .....................................................................................2

Standard of Review.....................................................................................................3

Argument & Citation to Authority..............................................................................4

    A. Plaintiff Has Failed to Allege Any Protected Activity Sufficient to State a Claim for Retaliation Under the FLSA .......................................................................................4

    B. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Under Delaware Law Fails to State a Claim Upon Which Relief May be Granted .........7

    C. Plaintiff's Claim for Unjust Enrichment Fails as He Does not Allege Any Facts Showing how Pinkerton was Enriched—Unjustly or Not .............................................................8

    D. Plaintiff's State Law Claims Should Also be Dismissed Because They are Preempted by the FLSA...................................................................................................................9

Conclusion ...............................................................................................................11

TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................4

*Bright v. Westmoreland Cty.*, 380 F.3d 729 (3d Cir. 2004) ...........................4, 10

*Campo v. Mid-Atlantic Packaging Specialties, LLC*, 564 F. Supp. 3d 362
(E.D. Pa. 2021) ......................................................................................................6

*Cygnus Opportunity Fund, LLC v. Washington Prime Grp., LLC*, 302 A.3d 430
(Del. Ch. 2023) ..................................................................................................7, 8

*Eaton v. Commonwealth Health Sys., Inc.*, 631 F. Supp. 3d 236
(M.D. Pa. 2022) .....................................................................................................4

*Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485
(D.N.J. 2014) .........................................................................................................9

*Kachmar v. SunGuard Data Sys. Inc.*, 109 F.3d 173, 177 (3d Cir. 1997) .........4

*Kuroda v. SPJS Holdings, L.L.C*, 971 A.2d 872, 887 (Del. Ch. Ct. 2009) .......8

*McTernan v. City of York, Pa.*, 564 F.3d 636 (3d Cir. 2009) .............................4

*Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368
(D.N.J. Jan. 6, 2006) ..........................................................................................10

*Nemec v. Shrader*, 991 A.2d 1120 (Del. 2010) ..................................................9

*Phillips v. Cty. Of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ..............................4

*Preobrazhenskaya v. Mercy Hall Infirmary*, 71 Fed. App'x 936
(3d Cir. 2003) .....................................................................................................4, 6

*Ramirez v. Gromitsaris,* No. 13-2371, 2013 WL 2455966 (D.N.J. Jun 3, 2013) .........10

*Shakib v. Back Bay Rest. Grp., Inc.*, No. 10-4564, 2011 WL 4594654
(D.N.J. Sep. 30, 2011) .........................................................................................10

**Statutes**

29 U.S.C. § 201 ................................................................................................................ 6

29 U.S.C. § 207 ................................................................................................................ 6

**Rules**

Fed. R. Civ. P. 12 ......................................................................................................... 1, 3

iii

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Pinkerton Consulting and Investigations, Inc. ("Pinkerton" or "Defendant") respectfully moves the Court to dismiss Plaintiff Jonathan M. Gagliardino's ("Plaintiff") Complaint (the "Complaint") [D.I. 1-1], showing the Court as follows:

## I.    INTRODUCTION

Plaintiff's thirty-two paragraph Complaint is bereft of any factual specificity, even in the thirteen paragraphs that plead alleged facts, and therefore is wholly insufficient to state a claim upon which relief may be granted, whether under the Fair Labor Standards Act ("FLSA") or Delaware state law. In fact, Plaintiff fails to allege any facts to support even the first required elements of each of his claims. For example, for his claim under the FLSA, Plaintiff includes only two vague allegations in support of this claim. First, he alleges that he was terminated after he complained generically about "unfair and illegal treatment"—and nothing tied specifically to the FLSA or even his wages. (*See* Complaint at ¶ 15 [hereinafter "Compl."] [D.I. 1-1].) Later, Plaintiff mentions an alleged complaint regarding an "unfair and illegal manipulation" of his wages and time records without any additional detail, notwithstanding that he admits that Pinkerton corrected any prior issue with his pay. (*Id.* at ¶ 18.) The totality of these allegations, which really center on Plaintiff's dissatisfaction that he was asked to work fewer hours, are wholly insufficient to state a claim for retaliation under the FLSA as Plaintiff fails to plead that he engaged in protected activity or that any alleged protected activity was causally connected to any alleged adverse employment action. Because Plaintiff fails to properly allege two of the three required elements for a retaliation claim under the FLSA, Count I should be dismissed.

Plaintiff's state law claims fare no better. On his claim for breach of the implied covenant of good faith and fair dealing, Plaintiff wholly fails to plead any contract between the parties, much

1

less any facts regarding the details of any such alleged contractual obligation—whether express or implied. There is simply no basis, based on Plaintiff's Complaint, for determining that Pinkerton breached any contractual obligation to Plaintiff—especially an implied obligation that must exist outside of any express contractual language. Plaintiff's claim for unjust enrichment is equally lacking as he does not allege any manner in which Pinkerton was enriched or how he was impoverished by Pinkerton's alleged enrichment. Additionally, Plaintiff's state law claims are based on the exact same allegations as his FLSA claim and, therefore, are preempted by the FLSA. For these reasons, Counts II and III fail to state a claim upon which relief may be granted and should be dismissed.

## II.    PLAINTIFF'S RELEVANT ALLEGATIONS[1]

Plaintiff began working for Pinkerton in 2016 and provided services to clients in both Delaware and Pennsylvania. (*See* Compl. at ¶ 4.) In connection with his employment, Plaintiff wanted Pinkerton's help with getting his security license in the State of Maryland, so that he could also work in Maryland—even though Plaintiff only worked for Pinkerton in Delaware and Pennsylvania. (*Id.* at ¶¶ 4-5.)

Prior to March 2021, Plaintiff worked a varied work schedule with Pinkerton—sometimes he would work "84-hour weeks" and then would not work again for a month. (*Id.* at ¶ 6.) In August 2021, Plaintiff alleges that he was informed by Pinkerton that he would have to work less than forty-eight hours per week if he wanted Pinkerton's support for his Maryland security license. (*Id.* at ¶ 9.) Because Plaintiff had already incurred costs in connection with securing this license—costs that he claims Pinkerton agreed to reimburse—he alleges that he agreed to comply with "Pinkerton's improper demands." (*See id.* at ¶¶ 9-10 (presumably referencing Pinkerton's efforts

---

[1] The allegations herein are based on Plaintiff's allegations in the Complaint, understanding that they have to be accepted as true for the purpose of this Motion to Dismiss.

2

to reduce his hours worked).) Plaintiff asserts that he was then told that "if he wanted additional overtime, [then] he would have to obtain approval from" certain individuals at Pinkerton or Human Resources. (*Id.* at ¶ 11.) After this conversation, his overtime was reduced "after the fact and without [his] consent," but was "corrected…after [he] complained of the illegal pay reduction." *Id.* Plaintiff then obtained permission to work as many hours as he wanted as long as his hours did not annualize to more than thirty-two hours per week, and he "began to follow the new procedures and obtained approval…to work additional overtime." (*Id.* at ¶ 12.)

In October 2021, Pinkerton received an email accusing Plaintiff of sleeping while on the client's jobsite. (*Id.* at ¶ 13.) However, an investigation into the incident later revealed that it was a client's employee, and not Plaintiff, who slept on the job. (*Id.* at ¶ 14.) Plaintiff then alleges that Pinkerton "relied upon [the] false accusations" to "remove Plaintiff from the job site and forbid his return." (*Id.*) He continues that he "complained to Pinkerton management about unfair and illegal manipulation of his wages and work time." (*Id.* at ¶ 18.) However, "[w]hen Plaintiff informed Pinkerton management and…Pinkerton HR after management refused to respond to any of Plaintiffs communications to them regarding his unfair and illegal treatment, he was terminated." (*Id.* at ¶ 15.) Plaintiff claims that through these acts, Pinkerton "has engaged in manipulation of a record to create fictional grounds for reducing Plaintiff's hours" and terminating his employment. (*Id.* at ¶ 16.)

## III.    STANDARD OF REVIEW

Rule 12(b)(6) permits courts to dismiss pleadings that fail to state a claim and spare litigants the burden of defending against insufficient causes of action. When considering a motion to dismiss under Rule 12(b)(6), the Court "must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable

3

reading of the complaint, the plaintiff may be entitled to relief.'" *McTernan v. City of York, Pa.*, 564 F.3d 636, 646 (3d Cir. 2009) (*quoting Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, the Court should "reject legal conclusions, unsupported conclusions, unwarranted references, unwarranted deductions footless conclusions of law, and sweeping legal conclusions in the form of actual allegations." *Bright v. Westmoreland Cty.*, 380 F.3d 729, 735 (3d Cir. 2004).

In order to avoid dismissal, "a complaint must contain sufficient factual matter . . . to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is "plausible on its face" when the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] claim will survive a motion to dismiss only if the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## IV.    ARGUMENT AND CITATION TO AUTHORITY

A.    <u>Plaintiff Has Failed to Allege Any Protected Activity Sufficient to State a Claim for Retaliation Under the FLSA.</u>

To state a claim for retaliation under the FLSA, the Third Circuit requires a plaintiff to prove three elements: "(1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against h[im], and (3) there was a causal link between the plaintiff's protected action and the employer's adverse action." *Preobrazhenskaya v. Mercy Hall Infirmary*, 71 Fed. App'x 936, 939 (3d Cir. 2003) (*citing Kachmar v. SunGuard Data Sys. Inc.*, 109 F.3d 173, 177 (3d Cir. 1997)). In order to constitute protected activity, a complaint must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the FLSA and a call for their protection." *Eaton v. Commonwealth Health Sys., Inc.*, 631 F. Supp. 3d 236, 242 (M.D. Pa. 2022). Further, "a complaint

4

will only trigger antiretaliatory safeguards if the plaintiff asserts it in subjective good-faith and with an objectively reasonable belief that her employer violated the law." *Id.* at 243. Here, Plaintiff fails to make any allegation that conceivably meets these standards.

As an initial matter, the only allegations even remotely related to any protected activity are that Plaintiff "complained to Pinkerton management about unfair and illegal manipulation of his wages and work time" (Compl. at ¶ 18) and less specifically that he complained about "unfair and illegal treatment" (*Id.* at ¶ 15). Plaintiff does not allege what he told anyone at Pinkerton about the purported "illegal manipulation of his wages" (which could conceivably relate to nothing more than Pinkerton's legal efforts to manage his work hours). There is no specificity about this conversation, when it occurred, or with whom Plaintiff had this conversation. Neither of these generic allegations are remotely sufficient to show that he gave Pinkerton notice that he was specifically asserting any right protected by the FLSA.

Further, from the totality of the allegations in the Complaint, Plaintiff's alleged complaints were not subjectively or objectively reasonable under existing law. First, Plaintiff admits that any alleged "illegal wage reduction[s]" were corrected and he was paid his appropriate wages. (Compl. at ¶11.) No objectively reasonable individual would believe that their employer violated the law when they were, in fact, paid correctly following the voluntary correction of any potential errors. Plaintiff's Complaint moreover seems to insinuate that his "protected activity" occurred at some time *after* his wages had already been corrected, which further diminishes the objective reasonability of any such complaint. (*See id.* at ¶¶ 11-15.)

Moreover, his allegations relating to the fact that he was not allowed to work additional overtime, or more than a certain number of hours, could also not form the basis of an objectively or subjectively reasonable complaint under the FLSA. (*Id.* at ¶¶ 6-10.)  While the FLSA clearly

5

provides that overtime worked by non-exempt employees must be paid at time and a half, *see* 29 U.S.C. § 207, it does not create any guarantee that an employee will be allowed to work a certain number of hours. *See generally* 29 U.S.C. § 201 *et seq*. Pinkerton was under no obligation to allow Plaintiff to continue working any specific number of hours—regardless of whether he had done so in the past.

In addition to the lack of specificity regarding his purported "protected activity," Plaintiff has also failed to allege any causal connection between any such protected activity and his termination. *See Preobrazhenskaya*, 71 Fed. App'x at 939.  Generally, to prove a causal connection, a plaintiff must show either (a) "an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (b) a pattern of antagonism coupled with timing to establish a causal link." *See Campo v. Mid-Atlantic Packaging Specialties, LLC*, 564 F. Supp. 3d 362, 393 (E.D. Pa. 2021) (discussing retaliation in the context of an ADA claim).

In the Complaint, Plaintiff establishes neither, as he fails to plead any pattern of purported antagonism, or any temporal proximity with his termination, as his timeline is vague, at best. Plaintiff asserts that Richard Dunmire ("Mr. Dunmire") of Pinkerton told him around August 6, 2021 that he would need special approval to work additional overtime – a perfectly legal request under the FLSA. (*See* Compl. at ¶ 11.) In that same paragraph, he alleges that his pay was reduced after the fact and only corrected after he complained, but he does not provide any time frame for when these events allegedly occurred. (*Id.*). Next, Plaintiff asserts that he was accused of sleeping on the job and removed from Pinkerton's client site in October 2021. (*Id.* at ¶ 14.) In the next paragraph, he asserts that he was terminated when he complained about unfair and illegal treatment—although without any specificity whatsoever, including whether any unspecified "unfair and illegal treatment" was or could in any way be related to the FLSA. (*Id.* at ¶ 15.) Based

6

on these allegations, it is impossible to tell whether there is any causal connection between his termination and any alleged protected activity—other than a purely conclusory assertion that one caused the other. For example, there are no allegations as to when Plaintiff complained, about what, and to whom, and relatedly when a decision was made to terminate him, who made that decision, or when Mr. Dunmire allegedly forbade him to return to the job site based on falsified allegations. Because Plaintiff has failed to allege facts sufficient to show two of the three elements required for a retaliation claim under the FLSA, Count I of the Complaint should be dismissed.

B.     Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Under Delaware Law Fails to State a Claim Upon Which Relief May be Granted.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing also fails because Plaintiff has not alleged the existence of and/or breach of any valid contractual obligation. In order to prevail on a claim for breach of the implied covenant of good faith and fair dealing under Delaware law, a plaintiff must prove "a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Cygnus Opportunity Fund, LLC v. Washington Prime Grp., LLC*, 302 A.3d 430, 458 (Del. Ch. 2023). These "elements parallel a claim for breach of an express contract provision, except that the operative provision is implied." *Id.* The only allegation within the entirety of the Complaint that is even remotely tied to any contractual arrangement between Plaintiff and Pinkerton is the generic allegation that the parties were bound by a "valid employment agreement." (*See* Compl. at ¶ 23.) This is nothing more than a legal conclusion which this Court is required to ignore in determining a motion to dismiss. *See Bright v. Westmoreland Cty.*, 380 F.3d 729, 735 (3d Cir. 2004) (stating that the Court should reject legal conclusions in considering whether to grant a motion to dismiss).

Furthermore, a generalized statement that the parties are bound by unspecified contractual obligations is not sufficient to state a claim for breach of the implied covenant of good faith and

7

fair dealing, as it does not point to a specific contractual obligation that Defendant breached. Nowhere in the Complaint does Plaintiff point to any specific implied understanding in this alleged employment agreement or how, in fact, Pinkerton allegedly breached any such provision. (*See generally* Compl.) While Plaintiff alleges that Pinkerton violated its duties by "creating fictional grounds" for his termination and manipulating his time records, he fails to allege how this was a breach of any implied duty owed to him under any contract. (*See id.* at ¶ 25.). This is insufficient to state a claim for breach of an implied duty. *See Kuroda v. SPJS Holdings, L.L.C*, 971 A.2d 872, 887 (Del. Ch. Ct. 2009) (where plaintiff "failed to articulate a contractual benefit he was denied as a result of defendants' breach of an implied provision of the contract, the claim for breach of the implied covenant of good faith and fair dealing must be dismissed").

In fact, there are absolutely no allegations related to any contract between the parties anywhere in the thirteen *factual* allegations in the Complaint. Plaintiff does not explain when he and Pinkerton entered into this alleged contract, what it required of him or Pinkerton, or how Pinkerton possibly breached any of its duties, either express or implied. Without any such allegations, it is impossible for this Court to determine whether any implied obligation existed or could possibly apply to any of Pinkerton's alleged conduct. *See Cygnus,* 302 A.3d at 458 (explaining that in order to determine whether any implied covenant exists, the Court must also determine whether the conduct at issue was covered by an express contractual provision). Because the Complaint plainly fails to sufficiently plead facts supporting this claim, Count II should be dismissed.

C.      Plaintiff's Claim for Unjust Enrichment Fails as He Does not Allege Any Facts Showing how Pinkerton was Enriched—Unjustly or Not.

To state a claim for unjust enrichment in Delaware, a plaintiff must prove five key elements: "(1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and

impoverishment; (4) the absence of justification; and (5) the absence of a remedy provided by law." *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010). Here, again, Plaintiff failed to satisfy even the first factor, as while Plaintiff pleads that Pinkerton "abused its position of trust in order to increase its pecuniary gain," he does not state what that "pecuniary gain" is or even how the parties had a position of trust. (*See* Compl. at ¶ 29). With respect to the pecuniary gain, Plaintiff even admits that Pinkerton corrected his pay, affirming that it did not withhold any income from Plaintiff and did not retain any pecuniary gain or enrichment from failing to compensate him appropriately. (*Id.*) Accordingly, Plaintiff has brought no claim that he was underpaid, and has failed to plead that Pinkerton received any enrichment of any kind. In the same vein, Plaintiff also failed to plead that he suffered an impoverishment or that any impoverishment is related to Pinkerton's benefit, again having admitted that his pay was appropriately corrected. Therefore, Plaintiff has wholly failed to allege any facts to support a claim for unjust enrichment and Count III of the Complaint fails as a matter of law.

D.    Plaintiff's State Law Claims Should Also be Dismissed Because They are Preempted by the FLSA.

Even if Plaintiff had properly pled his claims for breach of the implied covenant of good faith and unjust enrichment, the claims should still be dismissed because they are preempted by the FLSA. Courts in this Circuit "have concluded that the FLSA preempt[s] a plaintiff's common law claims where the common law claims duplicat[e] or rely upon the same facts as the plaintiff's FLSA claim." *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 489 (D.N.J. 2014). Further, "where the FLSA 'directly covers' the proposed state common law claims or where the state law claims rest 'exclusively on a party's alleged failure' to pay overtime, several courts have concluded that such claims are preempted by the FLSA." *Id.*; *see also Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 WL 42368, at 2 (D.N.J. Jan. 6, 2006) (finding fraud and

misrepresentation claims preempted by the FLSA because they were "derived completely from the plaintiffs' overtime claims").

Although these cases dealt specifically with overtime claims as opposed to retaliation, the same logic applies to both claims here. First, Plaintiff's claim for breach of the implied covenant of good faith should be dismissed because it is based upon the same facts as the FLSA claim—Pinkerton's alleged retaliation (*i.e.*, manufacturing reasons for his termination) against Plaintiff for complaining about unlawful behavior under the FLSA. *See Shakib v. Back Bay Rest. Grp., Inc.*, No. 10-4564, 2011 WL 4594654, at 5 (D.N.J. Sep. 30, 2011) (finding that the FLSA preempted plaintiff's state law claims, including those for breach of the implied covenant of good faith and fair dealing and unjust enrichment, because those claims were based upon the same facts as plaintiff's FLSA claims). Therefore, even if the claim was sufficient under Delaware state law, which it is not, it should still be dismissed because it is preempted by the FLSA.

Further, Plaintiff's claim for unjust enrichment suffers from the same defect—it is based upon the exact same facts as his FLSA claim. The allegations related to the unjust enrichment claim do not contain any additional or different facts than the allegations for the FLSA claim as Plaintiff relies upon the same allegations that his pay was wrongfully manipulated or withheld; therefore, this claim is duplicative and preempted and should be dismissed. *Ramirez v. Gromitsaris,* No. 13-2371, 2013 WL 2455966, at 1 (D.N.J. June 3, 2013) (dismissing plaintiff's unjust enrichment claim as preempted by FLSA because plaintiff did "not make any independent factual allegations in support of the claim").

Because Plaintiff's state law claims are preempted by the FLSA, Count II and III of the Complaint should be dismissed.

10

## V.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that: (i) this Motion be granted and (ii) this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

Respectfully submitted, this 5th day of December, 2023.

**TIGHE & COTTRELL, P.A.**

/s/ Melissa L. Rhoads
Melissa L. Rhoads, Esq.
Bar ID 4906
704 King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899
(302) 658-6400 x 22
*Attorney for Defendant*

*and*

**ARNALL GOLDEN GREGORY LLP**

Henry M. Perlowski (PHV to be submitted)
Ga. Bar No. 572393
henry.perlowski@agg.com
Lindsey E. Locke (PHV to be submitted)
Ga. Bar No. 371291
lindsey.locke@agg.com

171 17th Street NW
Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8500
Facsimile: (404) 873-8501

*Counsel for Defendant Pinkerton Consulting
& Investigations, Inc.*

11